UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PAULETTE CHADWICK,　　　　　　　　　　　　　　　　No. 08-10367

　　　　　　　　Debtor(s).
_____/

RHONDA SILVA,

　　　　　　　　Plaintiff(s),

　　v.　　　　　　　　　　　　　　　　　　　　　　A.P. No. 08-1060

PAULETTE CHADWICK,

　　　　　　　　Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

　　　Prior to bankruptcy, plaintiff Rhonda Silva sued debtor and defendant Paulette Chawdick in state court for violation of the Home Equity Sales Contract Act (California Civil Code § 1695 et seq.), the Mortgage Foreclosure Consultants Act (California Civil Code § 2945 et seq.), illegal and unfair business practices and fraud. The state court entered a default judgment against Chadwick in the amount of $482,000.00, finding that Chadwick "defrauded plaintiff and fraudulently violated the Home Equity Sales Contract Act." Silva has moved for summary judgment, arguing that the doctrine of issue preclusion

1

1  (collateral estoppel) entitles her to a judgment in this adversary proceeding alleging that her claim is
2  nondischargeable for fraud pursuant to § 523(a)(2) of the Bankruptcy Code.

3        The flaw Silva's argument is that the default judgment was based on both fraud, which is
4  nondischargeable conduct, and statutory liability under California Civil Code § 1695, which is not.
5  Moreover, Civil Code § 1695.7, which provides for damages for violation of the Home Equity Sales
6  Contract Act, does not require any finding of fraud, making the court's default finding of fraudulent violation of
7  the Act unnecessary to its judgment. If a finding of a prior court was not necessary to its judgment, applying
8  the finding to a subsequent case is not proper. *In re Cantrell*, 329 F.3d 1119, 1123 (9th Cir. 2003).

9        Since the judgment could have been rendered for only violation of the Home Equity Sales Contract
10 Act, the separate finding of fraud was not necessary to the judgment. Since the Home Equity Sales Contract
11 Act does not require a finding of fraud before damages can be awarded, the finding of fraudulent violation of
12 the Act was not necessary to the judgment. Accordingly, the issue of actual fraud must be litigated in this
13 adversary proceeding. The motion for summary judgment will accordingly be denied. Either party may
14 submit an appropriate form of order.

16 Dated: January 23, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

2

CERTIFICATE OF MAILING

The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of California hereby certifies that a copy of the attached document was mailed to all parties listed below as required by the Bankruptcy Code and Rules of Bankruptcy Procedure.

Dated: Jan 23, 2009

Dawn Passalacqua
Deputy Clerk

Paulette Chadwick
714 Carolina St.
Napa, CA 94558

3